FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 10 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR ELECTRONIC PUBLICATION

------------------------------------------------------x

DAVID MORA,

Petitioner,

-against-

THE UNITED STATES OF AMERICA,

Respondent.

------------------------------------------------------x

MEMORANDUM & ORDER

11-CV-561 (CBA)

AMON, United States District Judge:

Petitioner David Mora, who is currently incarcerated at the Federal Correctional Institution at Otisville, New York, brings this pro se petition under the All Writs Act, 28 U.S.C. § 1651(a). For the reasons discussed below, the petition is dismissed.

BACKGROUND

The petitioner and his codefendants were convicted by a jury on December 11, 1995 after fourteen weeks of trial. The petitioner was convicted of various racketeering and narcotics distribution charges. He was sentenced on August 6, 1996 to life imprisonment on four counts, including Counts 44, 48, and 49, related to narcotics, and Count 46, which charged a Continuing Criminal Enterprise. He was sentenced to lesser terms on seven other counts. Judgment was entered on August 27, 1996.

On appeal to the United States Court of Appeals for the Second Circuit, Count 44, charging narcotics conspiracy, was vacated as a lesser included offense of the Continuing Criminal Enterprise conviction. United States v. Mora, 152 F.3d 921, 1998 WL 398802 (2d Cir. June 8, 1998), cert. denied, 525 U.S. 940 (1998).

Thereafter, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2255 ("§ 2255"), which was denied. Mora v. United States, No. 99 CV 8125 (CPS) (E.D.N.Y. Sept. 25, 2001), appeal dismissed, No. 02-2010 (2d Cir. Feb. 27, 2002); Mora v. United States, No. 99 CV 8125 (CPS), 2006 WL 2228997 (E.D.N.Y. Aug. 3, 2006) (denying reconsideration of Sept. 25, 2001 order).

On July 1, 2010, the petitioner filed a "Motion for Retroactive Application of Sentencing Guidelines" pursuant to 18 U.S.C. § 3582(c)(2), in which he argued for the retroactive application of Amendment 706 to the Sentencing Guidelines, which decreased by two levels the base offense levels applicable to certain cocaine base offenses. The government submitted a response in opposition to the motion, and the Court denied the motion by order dated September 15, 2010. The Court found that a reduction in the term of imprisonment on the cocaine base charge would not lower the defendant's applicable guidelines range, because his base offense level would still be 38 on the basis of the 30 kilograms of heroin also attributed to him.

On September 27, 2010, the petitioner filed the instant motion, in which he seeks a writ of audita querela or a writ of error coram nobis. Although the petition is not entirely clear, the Court construes the submission as a new petition pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

The instant petition argues that the petitioner's sentencing guideline base offense level was improperly based on the attribution of 30 kilograms of heroin. The petitioner now argues: "there was never any testimony or factual basis for 5 kilograms of herion [sic], much less 30. There isn't a scintilla of a discussion by any party in the sentencing transcripts that involves heroin. . . . Although no argument was ever advanced in challenging the heroin quantity, it was not prudent to have failed to do so, regardless of what one may have believed." (Pet. at 11.) The petitioner asserts that his life sentence was based in part on this allegedly erroneous calculation and that the

finding as to the amount of heroin should be vacated to permit him to take advantage of Amendment 706.

DISCUSSION

The writs of audita querela and error coram nobis are both common law writs that have largely been replaced in the federal criminal context by the statutory writ of habeas corpus available in 28 U.S.C. § 2241 and § 2255. "Though formally abolished in civil cases, see Fed. R. Civ. P. 60(b), the writs of error coram nobis and audita querela remain available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1 (1st Cir. 1991) (audita querela), and United States v. Morgan, 346 U.S. 502 (1954) (coram nobis)).

Generally, prisoners must use the statutorily created remedies, and use of the common law writs is limited to circumstances in which there are gaps in the statutory framework and the unavailability of any post-conviction relief might raise questions as to the constitutional validity of the statutory remedies. Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985))); Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997) ("It is possible that these remedies might be deemed available if their existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244 . . . ."); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of

audita querela would lie.").

The common law writs may not be used to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See, e.g., Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("We have previously held, however, that the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); Triestman, 124 F.3d at 376-77 (holding that § 2255 would not be considered an "inadequate or ineffective" post-conviction remedy merely because it was procedurally unavailable; a prisoner must also show that "the failure to allow for collateral review would raise serious constitutional questions").

Neither writ is available in this case. Coram nobis may be available where the petitioner is no longer in custody (and therefore cannot pursue direct review or collateral relief through § 2255), but seeks to redress ongoing adverse consequences resulting from an illegally imposed criminal conviction or sentence. Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005). In order to seek such relief, a petitioner must show that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (internal quotation marks and citation omitted).

The petitioner now claims that there was insufficient evidence to establish the quantity of drugs for which he was held responsible. This claim challenging the sufficiency of the evidence could have been raised on direct appeal or through a petition pursuant to § 2255. Because he remains in custody, the petitioner must bring a challenge to the custodial portion of his sentence

through a habeas corpus petition pursuant to § 2255. The petitioner has already filed the one such petition to which he is entitled. Any further requests would be subject to the gate-keeping provisions restricting successive petitions and limiting such filings to the one-year statute of limitations. The petitioner cannot now seek coram nobis relief under the All Writs Act as a means to circumvent AEDPA's requirements.

A writ of audita querela also is not available. That writ "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Richter, 510 F.3d at 104 (internal quotation marks omitted). This writ may be available where a conviction that was valid at the time it was entered was subsequently rendered invalid. Here, the petitioner asserts that he is entitled to audita querela relief because the "erroneous heroin calculation has been rendered infirm due to USSG Amendment 706 and the principles set forth in Gonzales." (Pet. at 13.)

No new legal principle has arisen after the entry of judgment in the petitioner's criminal case. The petitioner's belated assertion that there was insufficient evidence of the quantity of heroin is based on evidence available at trial and at the time the conviction was entered. A claim regarding the sufficiency of the evidence is not a proper ground for audita querela relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of error coram nobis, or, in the alternative, a writ of audita querela, is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Amon

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
March 10, 2011